UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **HOLLY RANG as guardian and Parent of D.R., a minor** ) | |
| ) | Civil No. 3:13-cv-0428 |
| Plaintiffs, ) | Judge Trauger |
| ) | |
| v. ) | |
| ) | |
| **CHEATHAM COUNTY BOARD** ) | |
| **OF EDUCATION** ) | |
| ) | |
| Defendants. ) | |

### INITIAL CASE MANAGEMENT ORDER

A.  JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

B.  BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: Holly Rang's son D.R. was sexually assaulted numerous times by S. H. another student while riding a school bus operated by the Cheatham County Board of Education. D.R. and S.H. were students with learning differences and normally rode a special needs bus. On this occasion they were on a standard school bus with a single aide assigned to the bus. The school board was unable to provide a safe appropriate classroom in which D.R. could attend school the following year. Ms. Rang was forced to move D.R. from Cheatham County Schools and place him in another county in order to adequately provide for his educational needs. The defendants are liable under Title IX for all injuries sustained by D.R. In addition as a direct result of their failure to protect him from repeated sexual assaults in the environment they themselves created, D.R. suffered loss and harm and deprived him of his Constitutional rights, including

rights under the Due Process and Equal Protection Clauses of the 14th Amendment to the United States Constitution, for which a private right of action exists under 42 U.S.C. § 1983 et seq.

The defendant failed and refused to train its employees "on" the proper methods and means to detect, prevent and treat sexual abuse within its school system. Further placing children with special needs on a regular school bus unrestrained is indicative of a profound lack of understanding and evidence of a failure to train. The lack of attention of the aide clearly shows that she was not properly trained to supervise the children she was transporting. As a direct result of each of these failures to train D.R. suffered repeated sexual assaults.

2) DEFENDANT: Once the Cheatham County Board of Education had actual knowledge of an alleged or possible sexual assault by S.H. on D.R. it took immediate and appropriate action consistent with its obligation under both Title IX and the IDEA which was applicable to both students. Furthermore, the Plaintiff has no claim against the Board under the state created danger exception to non-liability for the acts of third parties under section 1983.

C. ISSUES RESOLVED: The Board of Education is a fund recipient subject to Title IX.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before August 30, 2013.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before September 15, 2014. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G.      MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before July 15, 2014.

H.      DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before July 1, 2014. The defendant shall identify and disclose all expert witnesses and reports on or before August 1, 2014.

I.      DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before September 15, 2014.

J.      JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before __9/1/14__.

K.      DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before October 15, 2014. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) day after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L.      ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.      ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 4 days.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:


/s/ Melissa Blackburn
W. Gary Blackburn (#3484)
Melissa Blackburn (#16181)
The Blackburn Firm, PLLC
213 Fifth Avenue North, Suite 300
Nashville, TN 37219
(615) 254-7770
*Attorneys for the Plaintiff*

/s/ John D. Schwalb
John D. Schwalb (# 11671)
Williams & Schwalb, PLLC
108 Fourth Avenue South, Suite 208
Franklin, TN 37064
(615) 794-7100
*Attorneys for Cheatham County Board of Education*